*Law Offices of Isaac Nutovic*             *Hearing Date: May 8, 2025 @ 12:30 p.m.*
*261 Madison Avenue, 26th Floor*
*New York, N.Y. 10016*

*Counsel to Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------- X
In Re:                                                  Chapter 11

      1550 BEDFORD AVE LLC,            Case No: 24-45433 (ess)

                            Debtor.
----------------------------------------X

### DECLARATION OF MORDY STEINFELD
### IN SUPPORT OF CONFIRMATION OF PLAN

Pursuant to 28 U.S.C. § 1746, I, Mordy Steinfeld, declare as follows under penalty of perjury of the United States:

1. I am the authorized representative of 1550 Bedford Ave, LLC (the "Debtor") the debtor in this Chapter 11 case. As such, I have personal knowledge of the statements contained herein.

2. I signed the Debtor's Plan of Liquidation (the "Plan") which provides for the sale at auction of the Debtor's only asset—its ownership interest in a development property at 1550 Bedford Avenue, Brooklyn, New York.

3. This declaration is submitted in support of an order confirming the Plan.

4. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

### BACKGROUND

**A.**     **Procedural Background**

5. On December 31, 2024 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

6. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee, examiner or committee has been appointed in this case.

**B.     Confirmation and Notification Process**

8. The Debtor has filed the Plan [ECF #32] and a Disclosure Statement for the Plan (the "Disclosure Statement")[ECF #33].

9. On March 24, 2025, the Court entered an Order Conditionally (A) Approving Disclosure Statement; (B) Approving Voting Solicitation And Solicitation Packages; (C) Approving Form Of Ballots; (D) Scheduling Hearing To Consider Confirmation Of Plan; (E) Approving Form And Manner Of Notice Of Confirmation Hearing And Procedures; And (F) Granting Related Relief (the "Order")[ECF #45].

10. As required by the Order, the Debtor timely served the (i) Plan; (ii) Disclosure Statement; and (iii) Order Conditionally Approving Disclosure Statement (with exhibits)  and (iv) Notice of Confirmation Hearing. Certificates of service [ECF ##46 and 47] , were filed on March 26, 2025.

11. The Plan treats four classes of creditors but only two classes are impaired and entitled to vote. Each of the impaired creditor classes has voted to accept the Plan treatment.

12. Only one creditor voted to reject the Plan, but no creditor has filed objections to confirmation of the Plan.

**SATISFACTION OF PLAN CONFIRMATION REQUIREMENTS**

13. For the reasons detailed below, and after discussions with the Debtor's counsel,

I believe that the Plan satisfies the applicable Bankruptcy Code requirements for confirmation of a plan of reorganization. I have set forth the reasons for such belief below, except where such compliance is apparent on the face of the Plan and the related documents.

A. **Compliance with §1129(a)(1)**

14. I understand that section 1122 of the Bankruptcy Code permits a plan to classify various claims and equity interests into different classes so long as all Claims and Equity Interests in a particular class are substantially similar. The Plan provides for the separate classification of Claims and Equity Interests based on differences in legal nature and/or priority of such Claims and Equity Interests. The Plan designates the following Classes of Claims and Equity Interests:

| Class 1 | Secured Claim of DCP Bedford Graham LLC |
| Class 2 | Priority Claims |
| Class 3 | Senior Secured Claims |
| Class 4 | General Unsecured Claims and Secured Claims Junior to the Class 1 Claim |
| Class 5 | Interests |

15. I believe that valid business, factual, and legal reasons exist for classifying the Claims and Equity Interests into separate Classes as provided in the Plan and that the Claims and Equity Interests within each particular Class are substantially similar. Furthermore, I believe the classification scheme created by the Plan is based on the similar nature of Claims or Equity Interests contained in each Class and not on an impermissible classification factor.

16. Based on counsel's advice I believe that the inclusion of junior secured claims in the class of unsecured claims is appropriate. The Class 1 creditor has filed a secured claim exceeding $45 million which is far in excess of the value of the Property; accordingly secured

claims junior to that claim will have no claim to proceeds of the sale less than $45 million and are essentially unsecured claims.

17. I understand that section 1123(a) of the Bankruptcy Code sets forth various requirements regarding the appropriate contents of a plan. I believe that the Plan satisfies each of these requirements.

18. The Plan: (a) designates the different Classes of Claims and Equity Interests; (b) specifies the Classes of Claims that are unimpaired under the Plan; and (c) specifies the treatment of each Class of Claims and Equity Interests. In addition, the treatment of each Claim or Interest in each respective Class is the same as the treatment of each other Claim or Interest unless the holder of such Claim or Interest has agreed to a less favorable treatment for such Claim or Interest.

19. I believe the Plan provides adequate means for its implementation as required by section 1123(a)(5) because the Plan will be funded by the proceeds of the sale of the Property. The Debtor has received a Stalking Horse Bid for $10.1 million and DCP Bedford Graham LLC has agreed to carve out from its claim enough money to pay $100,000 to unsecured creditors and other payments required under the Plan. Payments under the Plan are due on effective date of the Plan which is the closing date of the sale of the Property. I believe the proposed implementation steps have been designed to properly effectuate the Plan.

20. The Plan provides for the resolution of all the secured and unsecured claims of the Debtor and provides funding to make the necessary payments.

21. The Plan does not provide for the issuance of any securities and the issuance of nonvoting securities is impossible.

22. The Plan provides that the Debtor will reject all existing executory contracts, with

any Claim for rejection damages required to be filed within thirty (30) days of the entry of the Final Order on the Confirmation of this Plan.

23. I am advised that section 1123(b)(6) of the Bankruptcy Code permits the Plan to include additional terms so long as they are not inconsistent with the other provisions of the Bankruptcy Code. Accordingly, Article 11 of the Plan includes a retention of jurisdiction provision. Article 8 of the Plan includes injunction, release and exculpation provisions for the various parties as are available to them under applicable law. I have been advised that the injunction and exculpation provisions in the Plan are not inconsistent with the Bankruptcy Code and thus, the requirements of section 1123(b) of the Bankruptcy Code are satisfied.

**B.     Compliance with Section 1129(a)(2) of the Bankruptcy Code**

24. To the best of my knowledge and based on my discussions with the Debtor's counsel, I believe that the Debtor has complied with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and other applicable law in transmitting (or causing to be transmitted) the Plan, the Disclosure Statement, the Ballots, and related documents and notices in soliciting and tabulating the votes on the Plan. I believe that the Plan satisfies section 1129(a)(2) of the Bankruptcy Code because the Debtor has fully complied with sections 1125 and 1126 of the Bankruptcy Code.

**C.     Compliance with Section 1129(a)(3) of the Bankruptcy Code**

25. I believe the Plan allows Holders of Allowed Claims to realize the highest possible recovery under the circumstances of this case. The Debtor has no realizable assets and, in my opinion, creditors will receive no distribution of any monies absent the Plan. With the Plan the Debtor will be able to distribute $100,000 to creditors. As such, I believe the Plan was proposed with the legitimate and honest purpose of maximizing a recovery for creditors.

### D. Compliance with Section 1129(a)(4) of the Bankruptcy Code

26. Based on my discussions with the Debtor's counsel, I believe the Plan complies with section 1129(a)(4) of the Bankruptcy Code, as all payments made or to be made for services rendered and expenses incurred in connection with this Chapter 11 Case including, without limitation, all Administrative Expense Claims of the Debtor's retained professionals, will be paid only after allowance of such Claims by the Bankruptcy Court.

### E. Compliance with Section 1129(a)(5) of the Bankruptcy Code

27. Based on my discussions with the Debtor's counsel, I believe the Plan complies with section 1129(a)(5) of the Bankruptcy Code since the Debtor, as the proponent of the Plan, has disclosed that the manager of the Debtor will continue to serve as manager of the Debtor post-confirmation until the Debtor is liquidated.

### F. Section 1129(a)(6) of the Bankruptcy Code Is Inapplicable

28. The Plan does not provide for the change of any rate that is within the jurisdiction of any governmental regulatory commission after the occurrence of the Effective Date. Therefore, I believe that the provisions of section 1129(a)(6) are inapplicable.

### G. Compliance with Section 1129(a)(7) of the Bankruptcy Code

29. Based on my discussions with counsel, Classes 1 and 4, which are impaired, have accepted the Plan. Only one creditor – in Class 4—voted to reject the Plan. Class 5 Interest Holders are also deemed to have rejected the Plan. However, as has been demonstrated in the liquidation analysis contained in the Disclosure Statement, Class 4 creditors and Class 5 Interest Holders would receive no payment in a liquidation of the Debtor's assets in a chapter 7 bankruptcy proceeding. Accordingly, I believe that the Plan complies with section 1129(a)(7).

### H. Compliance with Sections 1129(a)(8) and 1129(b) of the Bankruptcy Code

30. Based on my discussion with the Debtor's counsel, I have been informed that section 1129(a)(8) of the Bankruptcy Code requires that each class of claims or interests must either accept the plan or be unimpaired under the plan. Classes 1and 4 have voted to accept the Plan. The Class 5 Interest Holder is deemed to have rejected the Plan. Accordingly, confirmation also needs to be considered under section 1129(b) of the Bankruptcy Code which authorizes confirmation of the Plan if the Plan does not discriminate unfairly and is fair and equitable with respect to the Class Interest Holder.

31. I am advised that this subsection should be deemed satisfied because no holder of an interest junior to the Class 5 Interest Holder will receive or retain any property under the Plan.

### I.      Compliance with Section 1129(a)(9) of the Bankruptcy Code

32. Pursuant to section 2.2 of the Plan, Allowed Administrative Claims of the Debtor shall be paid in full by the Debtor on the Effective Date.

33. Pursuant to section 2.3 of the Plan, Professional Fee Claims shall be paid in full by the Debtor by the Effective Date or after the Court enters an order awarding Professional Fees. The Plan further provides that each Person seeking an award by the Bankruptcy Court of Professional Fees must file with the Bankruptcy Court and serve on the Debtor its final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date by the Professional Fee Bar Date.

34. Pursuant to section 2.4 of the Plan, Allowed Priority Tax Claims pursuant to section 507(a)(8) of the Bankruptcy Code, to the extent that any such Claims should exist, are unimpaired and shall be paid in full in cash by the Debtor on the Effective D. ,

35. Based on my discussions with the Debtor's counsel, it is my understanding that

there are no claims under sections 507(a)(1), (3)-(7) and (9)-(10).

36. Accordingly, I believe that the Plan satisfied each of the requirements set forth in section 1129(a)(9) of the Bankruptcy Code.

**J.      Compliance with Section 1129(a)(10) of the Bankruptcy Code**

37. I have been informed that section 1129(a)(10) of the Bankruptcy Code provides that, to the extent there is an impaired class of claims, at least one impaired class of claims must accept the plan, "without including any acceptance of the plan by any insider." Here two impaired classes of claims (Classes 1and 4) have accepted the Plan. Accordingly, I believe that the Plan satisfies the requirement set forth in section 1129(a)(10) of the Bankruptcy Code.

**K.      Compliance with Section 1129(a)(11) of the Bankruptcy Code**

38. I am advised that section 1129(a)(11) of the Bankruptcy Code requires that the Plan is feasible – *i.e.*, plan confirmation is not "likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor…unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11).

39. Here, the liquidation of the Debtor's assets is proposed under the Plan and sufficient monies s to be distributed under the Plan are being supplied by the proceeds of sale. They have made a deposit of $150,000 against the approximately $650,000 due under the Plan. Consequently, I believe section 1129(a)(11) is satisfied.

**L.      Compliance with Section 1129(a)(12) of the Bankruptcy Code**

40. The Plan requires the Debtor to pay all United States Trustee Fees and any statutory interest in full on the Effective Date.

**M.      Sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code Are Inapplicable**

41. With regards to these sections of the Bankruptcy Code, the Debtor: (a) has no

pension or retiree benefits in place; (b) is not subject to any domestic support obligation; (c) is not an "individual;" and (d) was at all relevant times a moneyed, business, or commercial corporation. Thus, I understand that sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to the Plan.

**N.    The Debtor is Seeking to Confirm the Plan Pursuant to the Cramdown Provision (Section 1129(b))**

42.    Subsection (b) may apply because Class 5 is deemed to reject the Plan. No objections was filed by the Class 5 Interest Holder who was served with notice of the confirmation hearing and the underlying documents. I believe that the Plan has complied with Section 1129(b)(2)(C)(ii) of the Bankruptcy Code because no interest junior to the equity interests will receive or retain any property under the Plan.

**O.    The Plan Complies with Section 1129(c) of the Bankruptcy Code**

43.    The Plan is the only Chapter 11 plan that has been proposed in this Chapter 11 Case, and thus, I understand that the requirement of 1129(c) has been met.

**P.    The Plan Complies with Section 1129(d) of the Bankruptcy Code**

44.    The principal purpose of the Plan is not for the avoidance of taxes or the application of section 5 of the Securities Act of 1933. Thus, I understand that the requirements of section 1129(d)(2) have been met.

**Q.    The Plan Complies with Section 1129(e) of the Bankruptcy Code**

45.    This Chapter 11 Case is not a "small business case" as that term is defined in the Bankruptcy Code. Thus, I understand that the requirements of section 1129(e) do not apply.

46.    The Plan was proposed in good faith. I believe that the Plan offers the most viable exit for the Chapter 11 Case and that confirmation of the Plan is in the best interests of the Chapter 11 estate. This Plan has been filed after arm's length negotiations between sophisticated parties.

47. For the reasons set forth above, I respectfully request that the Court enter an order confirming the Debtor's Plan.

Dated: May 5, 2025

*Mordy Steinfeld*
Mordy Steinfeld
Authorized Representative