**WESTERMAN BALL EDERER MILLER**  Hearing: June 20, 2025
**ZUCKER & SHARFSTEIN, LLP**  Time: 10:30 a.m.
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
Facsimile: (516) 622-9212
William C. Heuer
Alexandra Pontrello
E-mail:   wheuer@westermanllp.com
             apontrello@westermanllp.com

*Counsel to DCP Bedford Graham LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
In re:

    1550 Bedford Ave LLC,

                  Debtor.

Chapter 11
Case No.  24-45433-ess

------------------------------------x

### DCP BEDFORD GRAHAM LLC'S OBJECTION TO
### SECURED STATUS OF PROOF OF CLAIM NO. 5-3 FILED BY NYC ECB OATH

DCP Bedford Graham LLC (the "Lender") by its undersigned counsel, Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, hereby objects to the claim filed by the NYC ECB OATH ("NYC OATH") as evidenced by Proof of Claim No. 5-3 ("Claim No. 5-3") because it improperly characterizes a portion of the claim as being secured.  Given that none of the summons forming the basis of Claim No. 5-3 were issued on or before the Lender's mortgage was executed and that the sale of the property owned by 1550 Bedford Ave LLC, the debtor and debtor-in-possession (the "Debtor") in this chapter 11 case, yielded a sale price of $10,100,00.00, which sale remains subject to court approval, which is less than the full amount owed to its first priority mortgage creditor, the amounts set forth in the NYC OATH Claim No. 5-3 should be deemed unsecured.  In further support of this objection (the "Objection"), the Lender respectfully represents as follows:

1

**FACTUAL BACKGROUND**

1.   On December 31, 2024 ("Petition Date"), the Debtor filed a voluntary petition (the "Petition") under Chapter 11 of the Bankruptcy Code.

2.   The Debtor is the fee simple owner of 1550 Bedford Avenue, Brooklyn, New York, a development property (the "Property").

3.   In connection with the acquisition and development of the Property, the Debtor took on mortgages of $10,000,000. These mortgages are currently held by the Lender. Because these mortgages went into default in 2019, the debt to the Lender has ballooned to over $45 million (including default interest).

4.   As outlined in the next section, the Lender is the holder of the first mortgage recorded against the Property.

**The Lender's Claim and Mortgage**

5.   The Lender's claim against the Debtor arises out of a pre-petition loan (the "Loan") advanced by the Lender and secured by, among other things, real property located at 1550 Bedford Avenue, Brooklyn, NY 11225 (the "Property").

6.   As part of the Loan, on or about August 16, 2018, the Debtor executed and delivered to the Lender that certain Amended, Restated, Modified and Consolidated Promissory Note in the original principal amount of $10,000,000.00 (the "Note").

7.   In order to secure the debt evidenced by the Note, the Debtor executed and delivered to Claimant that certain Mortgage Consolidation, Modification and Extension Agreement (the "Mortgage") dated August 17, 2018. The Mortgage was recorded in the New York City Department of Finance Office of the City Register (the "City Register") on August 21, 2018 as CFRN: 2018000280739.

8. As further security for obligations under the Note, the Debtor executed and delivered an Assignment of Leases and Rents, which was recorded with the City Register on August 21, 2018 as CFRN: 2018000280740.

9. In order to further secure the debt evidenced by the Note, Yoel Goldman executed and delivered to the Claimant that certain Guaranty.

10. To further secure the Note, Yoel Goldman, beneficial owner/member of all membership interests in the Debtor, executed and delivered that certain Pledge and Security Agreement, dated August 16, 2018 pursuant to which he pledged 100% of the shares of the Debtor to the Claimant.

11. In order to further secure the debt evidenced by the Note, the Debtor executed and delivered to Claimant a UCC-1 Financing Statement between the Debtor, as debtor, and the Claimant, as secured party, dated August 17, 2018 and recorded with the City Register on August 21, 2018 as CFRN: 201800028074.

**NYC OATH Claims**

12. On February 21, 2025, NYC OATH filed Claim No. 3-2 in the amount of $216,682.37. A true and accurate copy of Claim No. 5-3 is annexed to this objection as **Exhibit A**. In support of this claim, NYC OATH filed a spreadsheet identifying forty-nine (49) separate summons issued in connection with fines NYC OATH imposed against the Property. The spreadsheet also appears to indicate whether the summons have been docketed.

13. OATH asserts that $214,382.37 of its claim is secured, citing NYC Charter Sec. 45(a) as the basis for perfection. According to the claim, forty-four (44) separate summons form the basis for the secured portion of the claim. Based on the spreadsheet attached to the claim, it appears that NYC OATH asserts that the secured status is based on judicial liens established by

3

the docketing of certain summons at various times between October 2021 and February 2025.

14. Given that the Property has been sold, subject to Court approval, for $10,100,000.00, *see Notice of Cancellation of Auction* [ECF No. 51], the Lender's claim will amount to well above the value of the Property.

## ARGUMENT

15. NYC OATH's Claim No. 5-3 is governed by NYC Charter c. 45 s. 1049-a, which provides, in part, that "any final order of the board imposing a civil penalty…upon default or otherwise, shall constitute a judgment rendered by the board which may be entered in the civil court of the city of New York or any other place provided for the entry of civil judgments within the state, and may be enforced without court proceedings in the same manner as the enforcement of money judgments entered in civil actions; provided, however, that no such judgment shall be entered which exceeds the sum of twenty-five thousand dollars for each respondent." NYC Charter c. 45 s. 1049-a(g).

16. However, a mortgage becomes a lien as of the date it is made and is valid and enforceable "as between the parties and against all others who had at the time no equitable interest in the property, or who did not acquire rights as subsequent purchasers or incumbrancers for value." *Suffolk County Federal Sav. & Loan Assoc. v. Geiger*, 291 N.Y.S. 2d 982, 985 (1968). Notably, "the law is well established that judgments, which are creatures of statute, have no legal effect until they are docketed. In contrast, mortgages become liens when they are executed. *Dime Sav. Bank of New York, FSB v. Roberts*, 167 A.D.2d 674, 675 (3rd Dep't 1990).

17. Further, it has long been established that first in time priority obtains as between mortgages and judgments. *Bank Leumi Tr. Co. of New York v. Liggett*, 115 A.D.2d 378 (1st Dep't 1985) (finding that mortgage had priority over lien imposed by recording the judgment where

mortgage was granted prior to the judgment lien).

18.     The Mortgage was both executed and recorded in August 2018.

19.     As noted above, each forty-four (44) separate summons purportedly forming the basis for secured portion of the Claim were docketed well after August 2018. As a result, NYC OATH is subordinate to Lender's priority position.  Therefore, NYC OATH's claim will be secured only to the extent that the sale price for the Property exceeds that figure, plus all applicable interest and reasonable legal fees and expenses.  However, the amount owed on the senior secured claims is currently no less than approximately $45 million, and the sale of the Property, which remains subject to court approval, resulted in $10,100,000.00 in proceeds.

20.     As a consequence, the secured portion of NYC OATH's Claim No. 2 should be reduced to $0 and the claim should be re-characterized as unsecured.

[*remainder if page intentionally left blank*]

## **CONCLUSION**

WHEREFORE, the Lender respectfully requests that its objection to the secured claim of NYC OATH be sustained, that the Court enter an Order reducing the amount of its secured claim to $0, deeming the claim an unsecured claim, and for such other and further relief as may be just and proper.

Dated: May 8, 2025
      Uniondale, New York

    WESTERMAN BALL EDERER
    MILLER ZUCKER & SHARFSTEIN, LLP

    */s/William C. Heuer*
    William C. Heuer
    Alexandra Pontrello
    1201 RXR Plaza
    Uniondale, New York 11556
    Telephone: (516) 622-9200
    Facsimile: (516) 622-9212
    Email: wheuer@westermanllp.com
           apontrello@westermanllp.com

    *Counsel to DCP Bedford Graham LLC*