UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
In re                                            :        Chapter 11
                                                 :
    1550 BEDFORD AVE LLC,             :        Case No. 24-45433 (ESS)
                                                 :
                        Debtor.                  :
-------------------------------------------------x

# ORDER CONFIRMING PLAN

A hearing (the "Confirmation Hearing") to consider confirmation of the Plan of Liquidation (the "Plan") filed by 1550 Bedford Ave LLC (the "Debtor") [ECF No. 32] having been held on May 8, 2025; ~~counsel for~~ the Debtor, DCP Bedford Graham LLC, Bedford Partners Acquisition LLC, 20/20 Inspections Inc., and the Office of the United States Trustee having appeared and been heard at the Hearing; no objections to the Motion having been filed or made at the Hearing; the Court having reviewed the Plan, the Declaration of Isaac Nutovic certifying the voting under the Plan [ECF No. 50] and the Declaration of Mordy Steinfeld [ECF No. 54] in support of confirmation of the Plan; the Court having taken judicial notice of the papers and pleadings on the Court's docket in the Debtor's bankruptcy case; based on the record made at the Confirmation Hearing, the Court finding that: (a) notice of the Confirmation Hearing was adequate and appropriate; (b) the Plan meets the applicable requirements of 11 U.S.C. § 1129 and (c) the Debtor has established just cause for the relief granted herein;

**THE COURT HEREBY FINDS AND DETERMINES**[1] that:

A.    The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on December 31, 2024.

B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L), and (O).

---

[1] This Confirmation Order constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Rule 9014 and 7052. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.

C. As of the Petition Date, the Debtor's principal assets were in Brooklyn, New York. Accordingly, venue in the Eastern District of New York was proper as of the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409.

D. The Debtor is an entity eligible for relief under section 109 of the Bankruptcy Code.

E. <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1).</u> As required by section 1129(a)(1) of the Bankruptcy Code, the Plan complies with all applicable provisions of the Bankruptcy Code: (a) the Claims and Interests are properly classified in accordance with sections 1122 and 1123(a)(1) of the Bankruptcy Code; (b) unimpaired Classes are specified as required under section 1123(a)(2) of the Bankruptcy Code; (c) treatment of impaired Classes is specified pursuant to section 1123(a)(3) of the Bankruptcy Code; (d) the Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code; (e) the Plan provides an adequate and proper means for its implementation as required under section 1123(a)(5) of the Bankruptcy Code; (f) the Plan complies with section 1123(a)(7) of the Bankruptcy Code as it contains only provisions that are consistent with the interests of Creditors and Interest holders and with public policy with respect to the manner of selection of the Plan Administrator; and (g) the Plan's additional provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code. Sections 1123(a)(6) and 1123(a)(8) of the Bankruptcy Code are inapplicable in this Chapter 11 Case.

E. <u>Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(2).</u> As required by section 1129(a)(2) of the Bankruptcy Code, the Debtor has complied with all of the applicable

provisions of the Bankruptcy Code, including, without limitation, the disclosure and solicitation requirements of sections 1125 and 1126 of the Bankruptcy Code. The Debtor transmitted solicitation materials, including Ballots, in compliance with the requirements of the this Court's Order [ECF No. 44], the Bankruptcy Code, and the Bankruptcy Rules.

      F.    <u>Plan Proposed in Good Faith – 11 U.S.C. § 1129(a)(3).</u> As required by section 1129(a)(3) of the Bankruptcy Code, the Plan has been proposed in good faith and not procured by fraud or any means forbidden by law. The Debtor has valid and legitimate business reasons in proposing the Plan including, inter alia, providing recoveries to creditors.

      G.    <u>Payments for Services or Costs and Expenses – 11 U.S.C. § 1129(a)(4).</u> As required by section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made for services or for costs and expenses in connection with the Chapter 11 Case, or in connection with the Plan, other than those incurred in the ordinary course of business, has been approved, or is subject to the approval of, the Bankruptcy Court, as reasonable.

      H.    <u>Directors, Officers and Insiders – 11 U.S.C. § 1129(a)(5).</u> In accordance with section 1129(a)(5)(A) of the Bankruptcy Code, the Debtor has disclosed the identity of the Debtor's post-confirmation manager.

      I.    <u>No Rate Changes – 11 U.S.C. § 1129(a)(6)</u>. Section 1129(a)(6) of the Bankruptcy Code is inapplicable because the Debtor's operations are winding down following confirmation and no longer charging rates that are the subject of any regulatory commission with jurisdiction.

      J.    <u>Best Interests of Creditors – 11 U.S.C. § 1129(a)(7)</u>. As required by section 1129(a)(7) of the Bankruptcy Code, with respect to all impaired Classes of Claims or Interests, each holder of a Claim or Interest of such Class has either accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtor was liquidated on the Effective Date under chapter 7 of the Bankruptcy Code. For this reason, the Debtor has

demonstrated by a preponderance of the evidence that the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

K.  <u>Deemed Acceptance or Rejection by Certain Classes – 11 U.S.C. § 1129(a)(8).</u> The requirements of section 1129(a)(8) of the Bankruptcy Code are satisfied with respect to Classes 1 and 4, which have accepted the Plan, and Classes 2 and 3, which are deemed to have accepted the Plan. The Plan is fair and equitable with respect to Class 5. Class 5 will receive no Distributions and retain no property under the Plan and is thus deemed to have rejected the Plan. Because the requirements of section 1129(a)(8) of the Bankruptcy Code are not satisfied with respect to Class 5, the Debtor has requested that the Bankruptcy Court confirm the Plan under section 1129(b) of the Bankruptcy Code as to this Class. The Plan is fair and equitable with respect to Class 5 because no Class junior to this Class under the Plan will receive or retain any property under the Plan on account of such junior interest. The Plan does not discriminate unfairly with respect to holder of Interests in Class 5.

L.  <u>Treatment of Administrative Expense and Priority Claims – 11 U.S.C. § 1129(a)(9).</u> The Plan provides for the treatment of Allowed Administrative Claims, Allowed Professional Fee Claims and Allowed Priority Claims, pursuant to section 507(a) of the Bankruptcy Code, in accordance with section 1129(a)(9) of the Bankruptcy Code, except to the extent that the holder of a particular Claim has agreed in writing to a different and less favorable treatment.

M.  <u>Acceptance by Impaired Class – 11 U.S.C. § 1129(a)(10).</u> As required by section 1129(a)(10) of the Bankruptcy Code, and as demonstrated by the Voting Certification, two (2) impaired Classes of Claims have accepted the Plan without including any acceptance of the Plan by an insider.

N.  <u>Feasibility – 11 U.S.C. § 1129(a)(11).</u> The Debtor has established that the Plan is feasible. On the Effective Date, the Property will be sold and the proceeds distributed to creditors in accordance with the Plan. As required by section 1129(a)(11) of the Bankruptcy

Code, confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor.

O.   Payment of Fees – 11 U.S.C. § 1129(a)(12). As required by section 1129(a)(12) of the Bankruptcy Code, all fees payable pursuant to section 1930 of title 28 of the United States Code, together with interest, if any, pursuant to 31 U.S.C. § 3717, as determined by the Bankruptcy Court on the Confirmation Date, shall be paid when due and payable. Statutory fees due and owing to the U.S. Trustee shall continue to be paid until the entry of a final decree, dismissal of the Chapter 11 Case or conversion of the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code.

P.   Retiree Benefits, Domestic Support Obligations, Individuals, and Certain Transfers – 11 U.S.C. §§ 1129(a)(13)–(16). Sections 1129(a)(13), (14), (15), and (16) are inapplicable to the Chapter 11 Case.

Q.   Fair and Equitable; No Unfair Discrimination – 11 U.S.C. § 1129(b). Pursuant to section 1129(b) of the Bankruptcy Code, as to any impaired Class of unsecured claims or equity interests that rejects or does not vote on a plan, such plan must be "fair and equitable" with respect to each such Class. Classes 1 and 4 are impaired under the Plan. Class 1 voted to accept the Plan. Despite the deemed rejection of the Plan by Class 5, the Debtor has satisfied the "cramdown" requirements under section 1129(b) of the Bankruptcy Code with respect to that Class. No Class junior to this Class under the Plan will receive or retain any property under the Plan on account of such junior interest. The Plan also does not discriminate unfairly with respect to holder of Interests in Class 5.

R.   Only One Plan – 11 U.S.C. § 1129(c). The Plan is the only chapter 11 plan for the Debtor pending before the Bankruptcy Court. No other plan has been filed in the Chapter 11 Case for which confirmation is being pursued. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

S.   Principal Purpose – 11 U.S.C. § 1129(d). The primary purpose of the Plan is not the

avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, as amended (15 U.S.C. § 77e). No party in interest that is a governmental unit, or any other entity, has requested that the Bankruptcy Court decline to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

T.    Conditions Precedent. Upon entry of the Confirmation Order and occurrence of the Effective Date, all conditions precedent set forth in Article X of the Plan will be satisfied or be duly waived.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ~~ADJUDGED AND DECREED~~** as follows:

A.    **Confirmation of Plan**

1    The Plan is hereby confirmed pursuant to section 1129 of the Bankruptcy Code. On the Effective Date of the Plan, except as otherwise provided in the Plan, title to all property of the Debtor's estate shall vest in the Debtor and/or be transferred in accordance with the terms of the Plan.

2.    The Debtor is hereby authorized to enter into, execute, deliver, file and/or implement any documents and instruments substantially consistent with or incidental to the Plan and to take such other steps and perform such other acts as may be necessary or appropriate to implement and effectuate the Plan and this Confirmation Order without the need of any further order of the Court or corporate authorization of the Debtor.

4.    Except as otherwise expressly provided in the Plan, on and after the Confirmation Date, the Plan shall bind all Holders of Claims and Equity Interests, whether or not such Holders voted to accept or reject the Plan.

5.    Pursuant to section 1146(a) of the Bankruptcy Code any issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer of property, pursuant to, under or in connection with the Plan shall not be subject to any

stamp or similar tax or governmental assessment in the United States or by any other Governmental Unit. Such exemption specifically applies, without limitation, to the transfer of the property currently owned by the Debtor and known as 1550 Bedford Avenue, Brooklyn New York (the "Property") and the recording of any mortgage against the Property issued in connection with that transfer, and all actions, agreements and documents necessary to evidence and implement the provisions of, transactions contemplated by, and the distributions to be made under the Plan. Consistent with the foregoing, any appropriate federal, state or local (domestic or foreign) governmental officials or agents shall forgo the collection of any such stamp or similar tax or governmental assessment and accept for filing and recordation instruments or other documents evidencing such action or event without the payment of any such stamp or similar tax or governmental assessment.

6.  All outstanding fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930 and any applicable interest thereon that have not been paid shall be paid no later than thirty (30) days after the Effective Date of the Plan or when due in the ordinary course.

7.  The Court retains jurisdiction over the Debtor and the Plan to the fullest extent as permitted by applicable law.

**B.**     **Conveyance of Property Free and Clear of All Liens and Encumbrances**

8.  The Debtor's conveyance to Bedford Partners Acquisition LLC or its assignee of the real property, fixtures, and any other personal property located at 1550 Bedford Avenue, Brooklyn, New York, shall be free and clear of all liens, claims and encumbrances, in accordance with Section 5.02 of the Plan, this Order and the Order of this Court approving the sale of the Property to be entered contemporaneously herewith.

C.  **Professional Fee Claims**

9.  The Debtor shall pay professionals who are entitled to reimbursement or allowance of fees and expenses from the Debtor pursuant to section 503(b)(2) through (b)(6) of the Bankruptcy Code, in the amount awarded to such professionals by Order of the Bankruptcy Court as soon as practicable after the Effective Date or the date of the Order awarding fees and expenses, in accordance with the terms of any order entered by the Bankruptcy Court governing the payment of fees and expenses during the course of these bankruptcy cases, and after application of any retainer received by such professionals.

D.  **Binding Effect**

10.  In accordance with section 1141 of the Bankruptcy Code, the provisions of the Plan shall be binding upon the Debtor, any Person acquiring or receiving property under the Plan, any party to a contract or agreement with any Debtor, any lessor or lessee of property to or from the Debtors and any holder of a Claim against or an Equity Interest in the Debtors, whether or not such Claim or Equity Interest is Impaired under the Plan and whether or not such holder has filed a proof of Claim or Equity Interest or has accepted the Plan or is entitled to a Distribution.

E.  **Effectiveness of All Actions**

11.  Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan shall be effective on, prior to, or after the Confirmation Date pursuant to the Confirmation Order, without further application to, or order of the Court.

F.  **Approval of Consents**

12.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any

documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

**G.    Effect of Conflict Between the Plan and Confirmation Order**

13.    If there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

**H.    Final Confirmation Order**

14.    This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

**I.    General Provisions**

15.    The Plan is incorporated in full herein.  Failure specifically to include or refer to any particular sections or provisions of the Plan or any related agreement in the Confirmation Order shall not diminish or impair the effectiveness of such sections or provisions, it being the intent of the Bankruptcy Court that the Plan be confirmed and such related agreements be approved in their entirety.

16.    The provisions of this Confirmation Order are non-severable and mutually dependent.

17.    Within two business days of the Effective Date, the reorganized debtor or any other authorized parties who have been charged with administering the confirmed plan shall file a Notice of Occurrence of the Effective Date, identifying the Effective Date and indicating that it has occurred.

18.    Post confirmation, the reorganized debtor shall continue to file the UST Form 11-MOR, Monthly Operating Report through the Effective Date. After the Effective Date, the reorganized debtor and any other authorized parties who have been charged with administering the confirmed plan shall file the UST Form 11-PCR, Post confirmation

Report every calendar quarter until the earlier of: (1) the entry of a final decree; (2) the conversion of the case to a case under another chapter; or (3) the dismissal of the case.

19. Until the Effective Date of a confirmed plan, the debtor shall timely pay the U.S. Trustee the appropriate sums required pursuant to 28 U.S.C. § 1930(a)(6) (the "Quarterly Fees"). Upon the Effective Date of a confirmed plan, the reorganized debtor and any other authorized parties who have been charged with administering the confirmed plan shall timely pay the U.S. Trustee Quarterly Fees until the earlier of: (1) the entry of a final decree; (2) the conversion of the case to a case under another chapter; or (3) the dismissal of the case.



Dated: Brooklyn, New York
May 13, 2025

Elizabeth S. Stong
United States Bankruptcy Judge